ST. PAUL, X
 

 This is a suit to have declared “valid, legal, and subsisting,” a certain oil lease, and to restrain the defendants from interfering with the plaintiffs in their further efforts to drill for oil.
 

 The
 
 term
 
 of the lease is stated as follows:
 

 “It is agreed that this lease shall, remain in force for a period of three years from this date and as long thereafter as oil or gas, or
 
 *471
 
 either of them, is produced from said land by the Lessee.”
 

 Three years have elapsed and no oil has been found on the premises. But the plaintiff contends that the term of the lease has been extended beyond the three years, because on (practically) the last day of the three years it began the. drilling of an oil well upon the premises. Its contention is based on a clause of the lease which provides, in substance, that if no well be commenced on said land within a year of the date of the lease the same shall terminate at once unless the lessee pay to lessor the sum of $400, “which- shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date”; and that this privilege may be extended in like manner from year to year.
 

 This last clause the plaintiff interprets as giving him the right to extend the lease indefinitely by payments from year to year. We do not so understand it. The meaning of the clause relied upon by plaintiff is simply this: That the lease shall be for a period of three years (and as long thereafter as oil shall be produced), provided that plaintiff shall begin to drill for oil within a year from the date of the lease, but with privilege given the plaintiff to extend
 
 the time within which to begin his drilling
 
 from year .to year on payment of the agreed rental. It does not, and cannot, mean that the lease may be continued indefinitely by mere payment of the rental from year to year, or even by the drilling of wells
 
 without productive results.
 
 For in that case that clause of the lease first quoted would be meaningless, and the lease would have no definite term, nor term capable of ascertainment.
 

 “A lease which stipulates that it is to continue during the time that gas and oil are found in paying quantities is at an end when the time during which the lessee has a right to exploit the land has expired, and no gas and oil have been found.” Cooke v. Gulf Refining Co., 127 La. 592, 53 So. 874.
 

 We think the trial judge properly held that plaintiff’s suit was without merit and dismissed it.
 

 Decree.
 

 For the reasons assigned the judgment appealed from is affirmed.