LAND, Justice.
 

 On July 15,1926, the defendants Mrs. Anna P. Miles, Edward H. Myrick, ffm. B. Myrick, Mrs. L. R. Harris, Jr., and John R. Myrick, leased to the Louisiana Petroleum Corporation certain lands in Richland parish for the purpose of developing same for minerals.
 

 On October 8, 1926, the Louisiana Petroleum Corporation assigned this lease to the Gulf Refining Company of Louisiana. That company, October 29, 1927, assigned the lease to the Palmer Corporation of Louisiana, and, on September 15, 1931, the latter company assigned to plaintiff, United Gas Public Service Company, “the natural gas rights only” on the land originally leased. Tr. vol. 2, p. 115.
 

 On August 31,1929, the Palmer Corporation of Louisiana instituted suit in the Fifth district court for the parish of Richland against the defendants, alleging that it owned the lease in question; that on May 3,1929, it began drilling a well, Myrick No. ■ 1, which was drilled to a depth of 2,726 feet and abandoned as dry; and that on July 14, 1929, it began drilling a second well, Myrick No. 2, in a field inclosed by a fence, and continued to drill same without interruption until August 21, 1929.
 

 The Palmer Corporation of Louisiana further alleged thát, on the above date, the defendants locked the gate to the field in which Myrick No. 2 was being drilled, ordered the drilling crew to desist from further drilling operations, and caused the arrest of the crew on charges of trespass.
 

 It was further alleged by the Palmer Corporation of Louisiana that, at the time it was illegally shut out from this well, the drilling had reached a point where it was dangerous, to the well itself and to the surrounding territory; that, for this reason, the department of conservation took the well over and set 6-inch casing, and filled it with mud and capped it; and that the Palmer Corporation of Louisiana suffered loss in the sum of $2,500, growing out of the expense of the shutdown and the starting up again, and the extra cost incurred by the department of conservation in setting the 6-inch casing, filling the hole with mud, and capping the well.
 

 The Palmer Corporation of Louisiana further alleged that its lease on defendants’ land “is a valid, legal, and subsisting lease,” and that an injunction was necessary to protect its rights in the premises.
 

 In the alternative, it was alleged by the Palmer Corporation of Louisiana that, if the court should hold that it had no right to go ahead and complete Myrick No. 2, then, in that event, defendants were liable in solido to that corporation in the sum of $17,400 expended in drilling the well.
 

 The prayer of the Palmer Corporation of Louisiana was for judgment in favor of peti
 
 *523
 
 tioner “decreeing your ■ petitioner’s lease on the lands herein described to be
 
 a valid, legal, and subsisting lease;
 
 decreeing that your petitioner has the right to go ahead and complete the drilling of the well described as Myrick No. 2, and for that purpose to- go in and upon the lands described in the said lease as may be necessary;
 
 giving petitioner judgment against the said defendants in solido in the sum of Two Thousand Fine Hundred ($2,500.00) Dollars;
 
 and forever enjoining and prohibiting them from interfering with your petitioner in the drilling of the well now being drilled, referred to herein as Myrick No. 2, and in the drilling of any other well or wells that it may be necessary to drill on the said lands in order to produce the recoverable gas therefrom.”
 

 In the alternative, the Palmer Corporation of Louisiana prayed “that, if the court should find that your petitioner does not have the right to complete the well now being drilled, and referred to as Myrick No. 2, then, and in that event,
 
 it have judgment against defendants herein in solido in the sum of Seventeen Thousand Four Hundred ($17,400.00) Dollars.”
 

 Defendants in the suit of the Palmer Corporation of Louisiana pleaded an exception ■of no right or cause of action, and tendered -the plea that the lease had expired by the lapse of its own term of three years running from July 15, 1926, terming such defense a -plea of prescription of three years.
 

 Judgment was rendered in the court below 'in favor of defendants and against the Palmer ■Corporation of Louisiana, sustaining the plea «of prescription of three years, and thereby terminating the lease, and dismissing petitioner’s suit at its costs. This judgment is of date February 16, 1931. On appeal to this court by the Palmer Corporation of Louisiana, the judgment of the lower court was affirmed February 29, 1932, and rehearing denied March 30, 1932. See Palmer Corporation of Louisiana v. Miles et al., 174 La. 470, 141 So. 31.
 

 In the present suit of the United Gas Public Service Company against these same defendants, petitioner, as the assignee of the Palmer Corporation of Louisiana, alleges that it acquired under the assignment of the lease the right of its assignor under same “at any time to remove all machinery and fixtures placed on said premises, including the right to draw and remove casing,” and seeks to enjoin defendants from interfering with its employees in drawing and removing the casing from Myrick No. 2 on the leased premises.
 

 The prayer of plaintiff’s petition is that plaintiff “be decreed to be the owner of the casing in said well with the right to draw and remove the same from the leased premises,” and that defendants be enjoined from interfering with plaintiff in the exercise of this right.
 

 In the alternative, plaintiff prays that it “have judgment against the defendants in solido for the full sum of Seventeen Thousand Four Hundred ($17,400.00) Dollars, with legal interest thereon from judicial demand,” this sum, as alleged being the amount expended by the Palmer Corporation of Louisiana in drilling Myrick No. 2, including the value of the casing and the cost of placing same.
 

 Defendants have pleaded the judgment rendered in their favor in the suit of the Palmer
 
 *525
 
 Corporation of Louisiana against these same defendants as res adjudieata, and also that plaintiff’s petition fails to disclose a cause or right of action.
 

 Prom a judgment sustaining both of these pleas, and dismissing plaintiff’s demand, plaintiff has appealed.
 

 Prom the above recital of the issues involved in the present suit against these defendants, and in the former suit of the Palmer Corporation against the same defendants, it is clear that the right to draw and remove the casing from Myriek No. 2 was not an issue made in the former suit The plea of res adjudieata, therefore, is not good and cannot prevail.
 

 But, in our opinion, the plea of no right or cause of action is well made, and must be sustained, since plaintiff did not acquire under its assignment all of the rights vested in the Palmer Corporation of Louisiana under its lease, but “the natural gas rights only,” without any mention being made whatever of machinery and fixtures, such as casings in wells.
 

 Por the same reason, plaintiff’s petition fails to disclose a cause or right of action in its alternative demand for the recovery of the $17,400, the amount stated in the petition to have been expended by the Palmer Corporation in drilling Myriek No. 2, and which is alleged to include the value of the casing and the cost of placing same.
 

 The judgment appealed from is therefore annulled and reversed. It is now ordered that the plea of res adjudieata be overruled, that the plea of no right or cause of action be sustained, and that plaintiff’s suit be dismissed at its costs.
 

 On Rehearing.
 

 There are two pleas to be considered on this rehearing — one is á plea of res adjudieata and the other is an exception of no cause of action. Both pleas were sustained by the district court, and plaintiff’s suit dismissed. In our former judgment we over-railed the plea of res adjudieata, but sustained the exception of no cause of action. 1
 

 We are still of the opinion that we were correct in overruling the plea of res adjudicata. The plea was overruled on the ground that the object of the suit upon which it rests, namely, the suit of the Palmer Corporation of Louisiana v. Miles et al., reported in 174 La. 470, 141 So. 31, is different from the object of the present suit, against which the plea is directed. In so holding, however, we should explain the alternate prayer of the present suit, and state briefly the prayer of the suit on which the plea rests.
 

 As will more fully appear from our former opinion, the prayer of the suit on which the plea of res adjudieata rests is that the mineral'lease, claimed by the Palmer Corporation, be declared to be a valid, legal, and subsisting lease, with the right in plaintiff to complete the drilling of the well, described as Myrick No. 2, for judgment against defendants for $2,500; enjoining defendants from interfering with the Palmer Corporation in drilling the well or in drilling any other well on the lease, but that, should the court find that the Palmer Corporation has not the right to complete the well, known as Myrick No. 2, then, and in that event, that it have judgment against defendants, in solido, for $17,400. This sum,. it should be said by way of explanation, represents the cost of boring My-
 
 *527
 
 rick No. 2, including the cost of the casing used.
 

 The prayer of the present suit, which is the one against which the plea of res adjudicata is directed, is that the plaintiff therein, the United Gas Public Service Company, which is the assignee of the Palmer Corporation, be decreed the owner of the casing in Myrick No. 2, with the right to draw and remove the same from the leased premises, and that defendants be enjoined from interfering with withdrawing the casing, and, in the alternative, that plaintiff have and recover judgment against the. defendants, in solido, for the sum of $17,400, with legal interest thereon. This sum would seem to represent the costs of boring Myrick No. 2, including the cost of the casing used, which apparently would make this alternate demand the same as the alternate demand in the former suit, if the prayers of the two petitions alone were consulted.
 

 However, when the prayer of each petition is considered with reference to the allegations of the petition to which it is attached, it appears that in the former suit the - alternative prayer is one for an absolute judgment of $17,400, for the cost of the well, including the casing, in the event it is held that the plaintiff must cease drilling by reason of the expiration of the lease, whereas, when the prayer of the present suit is considered in connection with the allegations of the petition to which it belongs, it becomes apparent that its alternate prayer for a judgment of $17,400 is simply a prayer for such a judgment in the event defendants should elect, of their own motion, to prevent the withdrawal of the casing by paying the cost thereof and the cost of placing the same in the well, including the drilling of the well. In the former suit there was an absolute demand for the $17,400, under the conditions named. In the present suit, so far as relates to the alternate demand, there is merely a demand for judgment, recognizing the right of defendants to prevent the withdrawal of the casing by paying the amount of $17,400. This appears more particularly from the paragraph of the petition, in the present suit, immediately preceding the prayer thereof, where it is distinctly alleged that plaintiff is entitled to an injunction to prohibit defendants from interfering with the removal of the casing, “except that said defendants may retain the same by paying petitioner the value of said easing, with the cost of placing and installing same, which necessarily includes the drilling of the well, aggregating the full sum of seventeen thousand, four hundred ($17,400) dollars."
 

 Our conclusion is that, as the object of the two suits is different, our former opinion, in so far as it overrules the plea of res adjudicata, is correct.
 

 With reference to the exception of no cause of action, we were, however, in error in sustaining it. The exception was sustained upon the mistaken belief that plaintiff’s petition failed to show that it was the owner of the casing, since the assignment of the mineral lease to plaintiff by the Palmer Corporation, which forms a part of the petition, included only the assignment of gas rights on the lease, here involved, and'excluded the casing sued for. Therefore it was said that, as plaintiff did not appear to be the owner of the casing, it had no right to sue
 
 *529
 
 for it. The error was occasioned by. the fact that we overlooked in the assignment of the lease by the Palmer Corporation to plaintiff, which covers 222 pages of the record, a clause, preceding the specific transfer of leases, including the one involved here, relating, in part, to the transfer of improvements and accessories, and reading as follows, to wit:
 

 “The following described oil, gas and mineral leases together with any and all extensions, amendments, supplements, renewals, operating agreements, servitudes, and co-lessors agreements pertaining thereto or in any manner whatsoever affecting said oil, gas and mineral leases, and together with all
 
 oil and/or gas wells,
 
 whether drilled or being drilled,
 
 situated on
 
 the property covered by the said leases
 
 and: all equipment, piping, derricks, machinery, valves, and/or connections, used or in any manner
 
 connected with the said wells, whether the same be producing or not, or whether the same be completed or in the process of completion,
 
 it being the intention of vendor to convey to vendee all of its rights without exception, acquired through, under, or by virtue of any of said leases,
 
 extensions, amendments, supplements, renewals, operating agreements, servitudes and co-lessors agreements, and particularly without limiting the generality of the foregoing, the following described oil, gas and mineral leases covering property situated in the Parishes of Bossier, Caddo, East Carroll, Ouachita, Rich-land, Union, Webster and West Carroll in the State of Louisiana.” (Italics ours.)
 

 In this excerpt, the word “piping” includes casing, thereby showing conclusively that the Palmer Corporation conveyed to plaintiff the casing.
 

 The fact that the lease, here involved, expired about two years before the assignment was made to plaintiff by the Palmer Corporation and the fact that the vendor declares in the foregoing excerpt that it is its intention “to convey to vendee all of its rights without exception, acquired through, under, or by virtue of any of said leases, * * * ” as if the lease, here involved, were in existence, and as if the casing had been put in the well during the existence of the lease, when, in fact, it had not been so put, do not defeat the conveyance of the piping. The conveyance of the piping was not, by such words, made to depend upon the existence of the lease. At most, the words used to express the conveyance of the piping or easing constitute a slight, though not misleading, error in description, arising evidently from the belief that the lease had not expired.
 

 For these reasons, our former decree is amended by overruling the exception of no cause of action, and, as thus amended, the decree is reinstated, but, instead of the suit being dismissed, it is remanded to be proceeded with according to law.